

SOUTHERN DISTRICT OF MISSISSIPPI
**FILED**

FEB 1 1 2014

ARTHUR JOHNSTON
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JOSHUA PROPERTIES, LLC,
PERFORMANCE SPORTS ACADEMY, LLC, and
CHRIS SNOPEK                                                          **PLAINTIFFS**

vs.                                     CIVIL ACTION NO. 3:14cv114 HTW-LRA

ST. DOMINIC HEALTH SERVICES, INC.,
D1 SPORTS HOLDINGS, LLC, and
JOHN DOES 1-10                                                       **DEFENDANTS**

## NOTICE OF REMOVAL

The remaining Defendants, St. Dominic Health Service, Inc. ("St. Dominic") and D1

Sports Holdings, LLC ("D1") (collectively, "Defendants") give notice of removal of this action

from the Circuit Court of Hinds County, Mississippi, First Judicial District, to the United States

District Court for the Southern District of Mississippi, Northern Division.[1]  Removal jurisdiction

is based on 28 U.S.C. § 1334(b), as this Court has jurisdiction over "all civil proceedings arising

under title 11, or arising in or related to cases under title 11."  In support of this Notice,

Defendants will show unto the Court the following:

## THE COURT HAS SUBJECT MATTER JURISDICTION UNDER 28 U.S.C. § 1334(b).

1.       On November 8, 2011, Plaintiffs commenced a civil action in the Circuit Court of

Hinds County, Mississippi, First Judicial District, against Defendants.  Plaintiffs seek to recover

damages arising out of an expired letter of intent between Plaintiffs and St. Dominic, as well as

an alleged oral joint venture between Plaintiffs and St. Dominic.  Following the dismissal of

Plaintiffs' claims arising out of the expired letter of intent and all of Plaintiffs' claims sounding

in negligence, on June 17, 2013, St. Dominic filed a counterclaim against Plaintiffs.

---

[1] By Order dated April 24, 2013, Plaintiffs' claims against Defendant D1 Sports Training of Mississippi,
LLC were dismissed.

01755488

2.      On January 23, 2014, Plaintiffs Chris Snopek ("Snopek") and Performance Sports

Academy, LLC ("PSA") filed Petitions for voluntary bankruptcy under Chapter 7, Title 11 of the

United States Code, in the United States Bankruptcy Court for the Southern District of

Mississippi.  A copy of Snopek's Petition is attached as Exhibit A, and a copy of PSA's Petition

is attached as Exhibit B.

3.      This Court has subject matter jurisdiction over the matters raised in the pending

state court proceeding pursuant to 28 U.S.C. § 1334(b), which provides as follows:

> Except as provided in subjection (e)(2), and notwithstanding any Act of Congress
> that confers exclusive jurisdiction on a court or courts other than the district
> courts, the district courts shall have original but not exclusive jurisdiction of all
> civil proceedings arising under title 11, or arising in or related to cases under title
> 11.

"Related to" jurisdiction attaches to a debtor's state court proceeding if the outcome of that

proceeding both (1) alters the rights, obligations, and choices of action of the debtor, and (2) has

an effect on the administration of the bankruptcy estate.

4.      In the state court proceeding, Plaintiffs seek to recover actual and punitive

damages arising out of an alleged oral joint venture between Plaintiffs and St. Dominic.

Additionally, in the state court proceeding, if the finder of fact concludes that an oral joint

venture exists between Plaintiffs and St. Dominic, which St. Dominic denies, St. Dominic has

asserted a counterclaim against Plaintiffs seeking to recover half of its investment in the alleged

oral joint venture for land costs, annual assessments on the land, development costs, site

preparation costs, construction costs and operating expenses which presently exceed several

million dollars.  Thus, the state court proceeding is "related to" Snopek's and PSA's bankruptcy

because any judgment in connection with the state court proceeding necessarily will impact the

bankruptcy estate.

5.      Thus, the commencement of Snopek's and PSA's bankruptcy proceedings makes the state court proceeding properly removable pursuant to 28 U.S.C. § 1452(a), which provides, in relevant part, as follows:  "A party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title."

**DEFENDANTS HAVE MET THE PROCEDURAL REQUIREMENTS FOR REMOVAL**

6.      This Notice is timely pursuant to 28 U.S.C. § 1446(b) in that it is being filed within 30 days of the date that Plaintiffs Snopek and PSA filed Petitions for voluntary bankruptcy under Chapter 7, Title 11 of the United States Code, and thus receipt by Defendants of notice that this action is removable.

7.      The Circuit Court of Hinds County, Mississippi, First Judicial District, in located within the Southern District of Mississippi, Northern Division.

8.      Pursuant to 28 U.S.C. § 1446(a), a certified copy of the State Court Record is attached to this Notice and should be electronically filed with the United States District Court for the Southern District of Mississippi, Northern Division.

9.      Pursuant to 28 U.S.C. § 1446(d), Plaintiffs, through their Counsel, are being served with a copy of this Notice.  Defendants further certify that a copy of this Notice is being filed with the Circuit Court of Hinds County, Mississippi, First Judicial District.  Finally, a copy of this Notice is being served on Counsel for the Chapter 7 Trustee.

**CONCLUSION**

For the foregoing reasons, the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1334(b), and this action is properly removed to this Court pursuant to 28 U.S.C. §§ 1452(a) and 1446.

This the ___ day of February, 2014.

Respectfully submitted,

**ST. DOMINIC HEALTH SERVICES, INC.**

By: _____
One of Its Attorneys

OF COUNSEL:

Joseph Anthony Sclafani, Esq. (MSB No. 99670)
Jonathan R. Werne, Esq. (MSB No. 101843)
Lane W. Staines, Esq. (MSB No. 102941)
Brunini, Grantham, Grower & Hewes, PLLC
The Pinnacle Building, Suite 100
190 East Capitol Street
Post Office Drawer 119 (39205)
Jackson, Mississippi 39201
Telephone:  (601) 948-3101
Facsimile:  (601) 960-6902
jsclafani@brunini.com
jwerne@brunini.com
lstaines@brunini.com

Respectfully submitted,

**D1 SPORTS HOLDINGS, LLC**

By: _____
One of Its Attorneys

OF COUNSEL:

Christopher L. Wansley, Esq. (MSB No. 101097)
BALCH & BINGHAM, LLP
188 East Capitol Street, Suite 1400
Jackson, MS  39201
Telephone:  (601) 961-9900
Facsimile:   (888) 254-2607
cwansley@balch.com

01755488                                         4

## CERTIFICATE OF SERVICE

I, Joseph Anthony Sclafani, counsel of record for Defendant St. Dominic Health Services, Inc., do hereby certify that I have this day caused to be mailed by United States mail, postage prepaid, a true and correct copy of the above and foregoing Notice of Removal to the following:

Dennis C. Sweet, III, Esq.
Terris C. Harris, Esq.
SWEET & ASSOCIATES
158 Pascagoula, Street
Post Office Box 1178
Jackson, MS  39215-1178

Dale Danks, Jr., Esq.
Danks Miller & Cory
Post Office Box 1759
Jackson, MS  39215-1759

Chris Wansley, Esq.
BALCH & BINGHAM, LLP
188 East Capitol Street, Suite 1400
Jackson, MS  39201

Barbara Dunn, Clerk
Hinds County Circuit Court
Post Office Box 327
Jackson, MS  39205

Eileen N. Schaffer
Counsel for Chapter 7 Trustee
Post Office Box 1177
Jackson, MS  39215-1177

This the ___ day of February, 2014.

_____
Joseph Anthony Sclafani

01755488