**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

JOSHUA PROPERTIES, LLC;
PERFORMANCE SPORTS ACADEMY,
LLC; and CHRIS SNOPEK                                                              PLAINTIFFS

V.                                               CIVIL ACTION NO. 3:14-CV-114-HTW-LRA

ST. DOMINIC HEALTH SERVICES, INC.;
D1 SPORTS HOLDING, LLC; and JOHN
DOES 1-10                                                                          DEFENDANTS

**ORDER TO REMAND**

Before this court is a Motion to Remand [docket no. 4] filed by the plaintiffs, Joshua Properties, LLC, Performance Sports Academy, LLC, and Chris Snopek, who filed this lawsuit on November 8, 2011, in the First Judicial District of the Circuit Court of Hinds County, Mississippi.  Defendants herein are St. Dominic Health Services, Inc., and D1 Sports Holding, LLC.  After two of the plaintiffs, Chris Snopek and Performance Sports Academy, LLC, filed for Chapter 7 bankruptcy, St. Dominic Health Services, Inc. and D1 Sports Holding, LLC, removed this matter to this federal forum.  Co-defendants, St. Dominic Health Services, Inc., and D1 Sports Holding, LLC, contend in their removal papers that this court has subject-matter jurisdiction over this litigation pursuant to Title 28 U.S.C. § 1334(b)[1], which confers original, but not exclusive, subject-matter jurisdiction over cases arising in or related to a bankruptcy proceeding.

---

[1] Title 28 U.S.C. § 1334(b) states in its pertinent part:  "[T]he district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11."

Plaintiffs now urge the court to remand this matter to the First Judicial District of the Circuit Court of Hinds County, Mississippi. Plaintiffs argue that this court should exercise mandatory abstention, as articulated in Title 28 U.S.C. § 1334(c)(2)[2]. In the alternative, the plaintiffs argue that the court should exercise discretionary abstention under Title 28 U.S.C. § 1334(c)(1)[3]. Having read the parties arguments, this court is persuaded to remand this matter to state court.

## I.   BACKGROUND

On November 8, 2011, plaintiffs Joshua Properties, LLC ("Joshua Properties"), Performance Sports Academy, LLC ("PSA"), and Chris Snopek ("Snopek") commenced this action in the First Judicial District of the Circuit Court of Hinds County, Mississippi ("state court") seeking to recover damages arising out of, allegedly, a breached Letter of Intent, theft of trade secrets, and a breach of duty with respect to an oral joint venture. Plaintiffs named as defendants, St. Dominic Health Services, Inc. ("St. Dominic"); D1 Sports Holdings, LLC ("D1 Sports"); and D1 Sports Training of Mississippi, LLC ("D1 Mississippi").

Plaintiffs' allegations against the defendants may be summarized as follows: that St. Dominic executed a letter of intent with the plaintiffs to construct an outdoor athletic

---

[2] Title 28 U.S.C. § 1334(c)(2) states:
> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

[3] Title 28 U.S.C. § 1334(c)(1) states:
> Except with respect to a case under chapter 15 of title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

2

facility; that St. Dominic breached a duty of loyalty to the plaintiffs when it contracted with D1 Sports and D1 Mississippi to construct a similar outdoor athletic facility; that St. Dominic, D1 Sports, and D1 Mississippi tortiously interfered with the plaintiffs' business relationships with numerous clients and businesses in Madison County, Mississippi; that St. Dominic, D1 Sports, and D1 Mississippi willfully engaged in unfair competition by taking the plaintiffs' ideas for creating an outdoor athletic facility; that St. Dominic, D1 Sports, and D1 Mississippi willfully and wantonly misappropriated trade secrets, in violation of Mississippi law; that St. Dominic breached an implied contract to purchase land and construct an outdoor athletic facility; that St. Dominic engaged in fraud; that St. Dominic usurped the plaintiffs' business opportunity; that St. Dominic breached its fiduciary duty to the plaintiffs; that St. Dominic, D1 Sports, and D1 Mississippi conspired to carry-out the above acts; and that the acts of St. Dominic, D1 Sports, and D1 Mississippi were both negligent and grossly negligent.

When this lawsuit was filed in state court, plaintiffs asserted no claims under federal law.  Further, the parties were not diverse in citizenship.  Accordingly, when initially commenced, this lawsuit provided no juridical basis implicating federal court subject-matter jurisdiction under either Title 28 U.S.C. § 1331[4] "federal question", or Title 28 U.S.C. §1332[5] "diversity jurisdiction."

---

[4] Title 28 U.S.C. § 1331 states:  "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

[5] Title 28 U.S.C. § 1332(a)(1) states:  "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States;"

Although D1 Sports is a Tennessee limited liability company, the presence of St. Dominic, a Mississippi corporation, defeated the complete diversity required for subject-matter jurisdiction under § 1332(a).

Pertinent chronology of this lawsuit's proceeding is as follows:  On August 27, 2012, the state court dismissed D1 Sports without prejudice and granted plaintiffs' request to file an interlocutory appeal to the Mississippi Supreme Court.

On April 24, 2013, the state court dismissed the claims asserted against D1 Mississippi on the ground that the plaintiffs' complaint lacked support for an actionable claim against this defendant.  Order, docket no. 1, exh. 8 at 6.

On June 4, 2013, the state court dismissed all claims of negligence against defendant St. Dominic Health Services, Inc. ("St. Dominic") and dismissed all claims against St. Dominic based upon the Letter of Intent.  Order, docket no. 1, exh. 8 at 8. The state court, however, found that plaintiffs had pled sufficient facts on their other claims against St. Dominic for theft of trade secrets and breach of duties arising out of an oral joint venture.

On June 17, 2013, St. Dominic filed an answer to the plaintiffs' complaint, along with counterclaims.[6]  St. Dominic's counterclaims asserted that, to the extent an oral joint venture existed between the plaintiffs and St. Dominic, Snopek and PSA are liable to St. Dominic for fifty percent of the losses of that oral joint venture.

---

[6] Ordinarily, a defendant files an answer to the complaint.  St. Dominic, however, had requested a more definite statement of the complaint, pursuant to Rule 12(e) of the Mississippi Rules of Civil Procedure, which the state court granted on August 27, 2012.  See docket no. 1, exh. 6 at 54.  On October 10, 2012, the plaintiffs filed an amended complaint.  *See id.* at 56.  Again, instead of filing an answer to the complaint, St. Dominic filed a motion to dismiss the newly amended complaint.  *See id.* at 102.  Such a procedure is permitted under Rule 12(a) & (b) of the Mississippi Rules of Civil Procedure.  It was only after the state court resolved this motion to dismiss that St. Dominic filed its answer.

4

On January 23, 2014, plaintiffs Snopek and PSA each filed for Chapter 7 bankruptcy[7].

On January 30, 2014, The Mississippi Supreme Court reversed the dismissal of D1 Sports as a defendant in this action.  See *Joshua Properties, LLC v. D1 Sports Holding, LLC*, 130 So.3d 1089 (Miss. 2014).  D1 Sports reappeared as a defendant in this action.

On February 11, 2014, St. Dominic and D1 Sports, because of Snopek's and PSA's bankruptcies, removed this action to this federal forum pursuant to Title 28 U.S.C. § 1334(b), which gives the district courts subject-matter jurisdiction over "all civil proceedings arising under title 11 [a bankruptcy statute] or arising in or related to a case under title 11."  Defendants argue that this case is "related to" the bankruptcy proceedings because the case is now the property of the two bankruptcy estates and a determination of the bankruptcy lawsuits will impact the amount recoverable by the creditors.

On April 7, 2014, the Chapter 7 Trustee for both bankruptcy proceedings hired Sweet & Associates, PA to represent the two estates' interests in this lawsuit.[8]

---

[7] Chapter 7 bankruptcy, commonly known as "liquidation," is a form of bankruptcy that can apply to any person or entity except those enumerated in Title 11 U.S.C. § 109(b) (railroads, banks, savings and loans, etc.).  9 Am.Jur.2d Bankruptcy § 42 (2013).  In essence, virtually all of the debtor's assets become part of the bankruptcy estate, and those assets are subject to liquidation for the benefit of the creditors.  Tax Aspects of Bankruptcy Law 3d § 11:1.  At the conclusion, an individual debtor is discharged of all debt or liability. 9D Am.Jur.2d Bankruptcy § 3560 (2013).

[8] After the filing for bankruptcy, the assets of the debtor, including lawsuits, become the property of the bankruptcy estate, which are managed by the bankruptcy Trustee.  Tax Aspects of Bankruptcy Law 3d § 11:1.  Pursuant to Title 11 U.S.C. § 327(e), "[t]he trustee, with the court's approval, may employ, for a specified special purpose . . . an attorney that has represented the debtor, if [hiring the attorney is] in the best interest of the estate."  Thus, the trustee is entitled to hire an attorney to prosecute the debtor's lawsuit for the benefit of the estate.  *See In re Goines* 465 B.R. 704, 706 (N.D. Ga. 2012).

Plaintiffs, PSA, Snopek, and Joshua Properties, now pursue their motion to remand [docket no. 4].

On June 19, 2012, pursuant to a Notice to Creditors to File Proofs of Claims [*In re Performance Sports Academy, LLC*, Case no.: 14-00220-ee, docket no. 38] [*In re Chris Snopek & Carla Snopek*, Case no.: 14-00219-ee, docket no. 41], defendant St. Dominic filed a proof of claim in each case, alleging, as it had in the counterclaim *sub judice*, that, to the extent a joint venture existed, Snopek and PSA were liable to St. Dominic for fifty percent of the losses on the joint venture.  Proofs of Claim, docket no. 15, exh. 7.

## II.     ANALYSIS

Title 28 U.S.C. § 1334(b) grants the federal district courts original jurisdiction over cases "arising in" or "related to" bankruptcy proceedings.  The Fifth Circuit has defined "arising in" proceedings as "those that are not based on any right expressly created by title 11, but nevertheless, would have no existence outside of the bankruptcy."  *In re Wood,* 825 F.2d 90, 97 (5th Cir. 1987).  "Related to" jurisdiction is broader, and includes those cases "whose outcome could have any conceivable effect on the estate being administered in bankruptcy."  *In re Morrison*, 555 F.3d 473, 479 (5th Cir. 2009).

The parties herein agree that this case, at the very least, falls within the "related to" category[9] of jurisdiction because Snopek's and PSA's interest in this lawsuit now belongs to the bankruptcy estates and will affect any distribution of assets to creditors.

---

[9] St. Dominic, however, contends that this lawsuit also falls within the "arising in" category because this matter could only arise in bankruptcy and should be characterized as a core bankruptcy proceeding.  This argument is explained below, in the section on mandatory abstention.

*In re Legal Xtranet, Inc.*, 453 B.R. 699, 706 (W.D. Tex. 2011) (finding "related to" jurisdiction where resolution of the claim would "have an impact on what is available to pay [the debtor's] creditors").

Section 1334(b), however, does not state that this jurisdiction is exclusive. A case that is "related to" the bankruptcy estate does not have to be removed to federal court. Indeed, § 1334(c)(2) obligates the federal court to abstain and remand the cause of action under certain circumstances as discussed below. Alternatively, § 1334(c)(1) permits this court, at its discretion, to abstain and to remand this matter in the interest of justice and comity.

Plaintiffs, then, argue that this court must abstain from this lawsuit under §1334(b) and remand it to state court. In the alternative, under § 1334(c)(2) plaintiffs ask the court to exercise its discretion to abstain and remand the action to state court.

**A. Mandatory Abstention**

Notwithstanding a finding of bankruptcy jurisdiction, § 1334(c)(2) obligates a federal court to abstain and remand a case to state court if all of the following factors are met:

> 1. A motion has been timely filed requesting abstention.
> 2. The cause of action is essentially one that is premised on state law.
> 3. The proceeding is non-core or related to the bankruptcy case.
> 4. The proceeding could not otherwise have been commenced in federal court absent the existence of the bankruptcy case.
> 5. The proceeding has already been commenced and can be timely adjudicated in a state court forum.

*Walton v. Tower Loan of Miss.* 338 F.Supp.2d 691, 698 (N.D. Miss. 2004).

The parties *sub judice* do not dispute that this motion was timely filed and that the proceeding already had been commenced, and could be timely adjudicated in state court. Nor do the parties dispute that this case presents only issues of Mississippi state law[10] and could not have been commenced in this federal forum[11] if not for the existence of the bankruptcy proceeding. The parties, instead, debate whether this is a "core" or "non-core" proceeding.

The current division between "core" and "non-core" bankruptcy matters derives from the United States Supreme Court's decision in *N. Pipeline Constr. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982) ("*Marathon*") and the United States Congress' subsequent response. In *Marathon*, the United States Supreme Court determined that Article III of the United States Constitution "bars Congress from establishing legislative courts to exercise jurisdiction over all matters related to those arising under the bankruptcy laws." *Id.* at 76. In essence, the Supreme Court held that bankruptcy courts cannot determine all matters falling with bankruptcy jurisdiction because those matters may be too remote from "the core of the federal bankruptcy power." *Id.* at 71.

In 1984, Congress, in response to *Marathon*, formulated the distinction between core and non-core proceedings. *In re Wood*, 825 F.2d at 93. Bankruptcy courts, declared Congress, had only the jurisdiction to enter final judgments in core proceedings. *Id.*

---

[10] The remaining issues in this case involve theft of trade secrets and breach of duties arising out of an oral joint venture.

[11] Parties herein raise no federal claims and are not diverse in citizenship.

8

Congress chose not to define what constitutes a core proceeding; rather, Congress created a non-exclusive list of core proceedings at Title 28 U.S.C. § 157(b)(2):

> Core proceedings include, but are not limited to--
> (A) matters concerning the administration of the estate;
> (B) allowance or disallowance of claims against the estate or exemptions from property of the estate, and estimation of claims or interests for the purposes of confirming a plan under chapter 11, 12, or 13 of title 11 but not the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of distribution in a case under title 11;
> (C) counterclaims by the estate against persons filing claims against the estate;
> (D) orders in respect to obtaining credit;
> (E) orders to turn over property of the estate;
> (F) proceedings to determine, avoid, or recover preferences;
> (G) motions to terminate, annul, or modify the automatic stay;
> (H) proceedings to determine, avoid, or recover fraudulent conveyances;
> (I) determinations as to the dischargeability of particular debts;
> (J) objections to discharges;
> (K) determinations of the validity, extent, or priority of liens;
> (L) confirmations of plans;
> (M) orders approving the use or lease of property, including the use of cash collateral;
> (N) orders approving the sale of property other than property resulting from claims brought by the estate

> against persons who have not filed claims against the
> estate;
> (O) other proceedings affecting the liquidation of the
> assets of the estate or the adjustment of the debtor-
> creditor or the equity security holder relationship, except
> personal injury tort or wrongful death claims; and
> (P) recognition of foreign proceedings and other matters
> under chapter 15 of title 11.

Congress also used the terms "arising in" and "arising under" to describe core proceedings. "Arising in" refers to a proceeding that "arises in a case under title 11." *In re Wood*, 825 F.2d at 96. As stated earlier, "arising in" proceedings are "those that are not based on any right expressly created by title 11, but, nevertheless, would have no existence outside of the bankruptcy." *Id.* at 97. "Arising under" refers to a proceeding that has its foundation *under* Title 11 of the United States Code. *Id.* An "arising under" proceeding "involves a right created by the federal bankruptcy law." *Id.* If the proceeding, however, is only related to the bankruptcy estate "because of its potential effect" on the bankruptcy estate, it is a non-core proceeding. *Id.*

Plaintiffs argue that this is a non-core proceeding because the lawsuit involves tort claims that do not fall within the scope of the § 157(b)(2) examples. Specifically, plaintiffs argue that this lawsuit is not "one that would arise only in bankruptcy." *In re Wood*, 825 F.2d at 97. The claims alleged in the complaint are based on state law and arose two years before Snopek and PSA filed for bankruptcy. *See Reed v. Miss. Farm Bureau Mut. Ins. Co.*, 299 B.R. 804, 807 (S.D. Miss. 2003) ("if a claim is based on state law and the claim could arise outside of the context of the bankruptcy proceeding, then it is not a core proceeding"). Therefore, say plaintiffs, this is non-core proceeding and the court must abstain and remand.

10

In contrast, St. Dominic and D1 Sports argue that this case is a core proceeding under § 157(b)(2)(C) and (O) because this lawsuit involves a counterclaim by the estate against an entity filing a claim against the estate, and because this lawsuit affects the liquidation of the assets of the estate.

It is necessary to note that previous courts have warned against broadly naming an entire case "core" or "non-core;" heeding the admonition in *Marathon*, courts should determine whether each claim in a particular case is core or non-core. *In re Best Reception Sys., Inc.*, 220 B.R. 932, 945-46 (E.D. Tenn. 1998); *Ralls v. Docktor Pet Ctrs., Inc.*, 177 B.R. 420, 425 (D.Mass 1995); *Davis v. Live Investors Ins. Co. of Am.*, 282 B.R. 186, 193 n.4 (S.D. Miss. 2002); *In re Legal Xtranet, Inc.*, 453 B.R. at 708.

The court in *In re Best Reception Sys., Inc.*, 220 B.R. at 946, explained that the mere presence of core proceedings within a lawsuit does not convert all issues and claims in the lawsuit to core proceedings. The court, instead, must look at each claim to determine the claim's status as core or non-core. *Id.* While the district court may retain those claims that are core, the court must remand and abstain from hearing those claims that are non-core and meet the other factors of mandatory abstention. *Id.* at 952.

The filing of a proof of claim will convert a non-core proceeding into a core proceeding, regardless of whether the lawsuit was filed before the bankruptcy petition. *In re S.G. Phillips Constructors, Inc.*, 45 F.3d 702, 705 (2d Cir. 1995); *In re Legal Xtranet, Inc.*, 453 B.R. at 710; *Davis*, 282 B.R. at 192; *In re Best Reception Sys., Inc.*, 220 B.R. at 944. The *In re Best Reception Sys., Inc.*, court explained as follows:

> where a party has filed a proof of claim in a debtor's case, any action asserted by that party against the debtor that raises the same issues as those encompassed by the proof

11

> of claim is a core proceeding under the authority of 28 U.S.C.A. § 157(b)(2)(B).

*Id.*

St. Dominic filed proofs of claims in both Snopek's bankruptcy proceeding and PSA's bankruptcy proceedings. In those proofs of claims, St. Dominic articulated the same claim as it had in the counterclaim *sub judice*: to wit, "to the extent that an oral joint venture is found to exist between the Debtor and St. Dominic, which St. Dominic denies, the Debtor is liable to St. Dominic for 50% of the losses of the oral joint venture incurred as of that date (an amount presently in excess of $8,000,000), as well as 50% of the losses of the oral joint venture incurred going forward." Proofs of Claim, docket no. 15, exh. 7. Thus, pursuant to § 157(b)(2)(B), which grants core status to claims against the estate, St. Dominic's counterclaim *sub judice* is a core proceeding, and the court need not abstain.

In addition, since filing its proofs of claims, St. Dominic has become a creditor of the estate. Section 157(b)(2)(C) states that "counterclaims by the estate against persons filing claims against the estate" are core proceedings. The court in *In re Connelly* 476 B.R. 223, 230-31 (E.D. Va. 2012), determined that a lawsuit filed against creditors is "in the nature of a counterclaim when asserted against parties who have filed proofs of claim in the bankruptcy case" and, therefore, a core proceeding. Likewise, the court in *In re Baudoin*, 981 F.2d 736, 741 (5th Cir. 1993), determined that filing a lawsuit against a creditor who has filed a proof of claim is "in essence [] a counterclaim, [and] is a core proceeding under 28 U.S.C. § 157(b)(2)(C)." Therefore, this court concludes that Snopek's and PSA's claims against St. Dominic are core proceedings, and the court need not abstain from hearing them.

Although Snopek's and PSA's claims against St. Dominic, and St. Dominic's counterclaims against Snopek and PSA are core proceedings, other claims remain: Snopek's claims against D1 Sports; PSA's claims against D1 Sports; Joshua Properties' claims against D1 Sports; and Joshua Properties' claims against St. Dominic.

Joshua Properties, unlike its co-plaintiffs, is not a debtor in bankruptcy. Further, D1 Sports has not filed a proof of claim in PSA's nor Snopek's bankruptcy proceedings.

Defendants attempt to bring in all the claims in this lawsuit under the umbrella of core proceedings by invoking § 157(b)(2)(O), sometimes referred to as the "catch-all" provision. *See In re Legal Xtranet, Inc.,* 453 B.R. at 711. Section 157(b)(2)(O) grants core proceeding status to "other proceedings affecting the liquidation of the assets of the estate or the equity security holder relationship, except personal injury tort or wrongful death claims."

Defendants argue that St. Dominic is Snopek's and PSA's largest creditor in their respective bankruptcy proceedings. Defendants also argue that that this lawsuit will affect the liquidation of assets in the bankruptcy estate and impact that adjustment of the debtor-creditor relationship because this lawsuit is the only asset in both bankruptcy proceedings.

The Fifth Circuit, however, has warned against reading § 157(b)(2)(O) too broadly:

> "[P]roceedings affecting ... the estate" is similar in scope to the test of jurisdiction: proceedings having a "conceivable effect on the estate". We decline, however, to give such a broad reading to subsection 157(b)(2)(O); otherwise, the entire range of proceedings under bankruptcy jurisdiction would fall within the scope of core proceedings, a result contrary to the ostensible purpose of the 1984 Act. That

> purpose is to conform the bankruptcy statute to the dictates of *Marathon.*

*In re Wood*, 825 F.2d at 95.  Similarly, the court in *Davis*, 282 B.R. at 193, was not persuaded that a case was a core proceeding pursuant to § 157(b)(2)(O) merely because it might affect the assets of the estate.  In addition, the court in *In re 610 W. 142 Owners Corp.*, 219 B.R. 363, 372 (S.D. N.Y. 1995) rejected the argument that a lawsuit can be a core proceeding pursuant to § 157(b)(2)(O) if that lawsuit is the sole asset of the bankruptcy estate:  "The Opponents cannot bootstrap prepetition causes of action, premised on state law, into the catchall provisions of 28 U.S.C. § 157(b)(2).  To do so would allow the 'amorphous' catch-all provisions to 'emasculate' the Supreme Court's decision in *Marathon.*" (internal citations omitted).  Therefore, this court is not persuaded that the remaining claims, which appear to be only "related to" the bankruptcy proceeding, can be bootstrapped into the court as core proceedings under an unduly broad reading of § 157(b)(2)(O).

Thus, while this court may consider, and refer to the bankruptcy court[12], PSA's and Snopek's claims against St. Dominic, and St. Dominic's counterclaims against PSA and Snopek, this court and the bankruptcy court are obliged to abstain from hearing the remaining claims, which do not constitute core-proceedings under the statute and for which the plaintiffs have filed a timely motion to remand.  *See* Title 28 U.S.C. § 1334(c)(2) ("Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under

---

[12] The United States District Courts for the Northern and Southern Districts of Mississippi have a standing order referring any and all cases "arising under," "arising in," or "related to" Title 11 of the United States Code (bankruptcy cases) to the bankruptcy court pursuant to Title 11 U.S.C. § 157(a)

title 11 or arising in a case under title 11 . . . the district court shall abstain from hearing such proceeding. . . .").

## B.  Discretionary Abstention

Even if claims fall within the court's "core-proceedings" jurisdiction, the court may use its discretion to abstain from hearing those claims if abstention is "in the interest of justice."  Title 28 U.S. C. § 1334(c)(1); *Vig v. Indianapolis Life Ins. Co.*, 336 B.R. 279, 285 (S.D. Miss. 2005).  Plaintiffs ask the court to utilize its discretionary abstention and return this litigation to state court.

Fourteen factors guide the court's decision in determining discretionary abstention:

> (1) the effect or lack thereof on the efficient administration of the estate if the Court recommends [remand or] abstention;
> (2) extent to which state law issues predominate over bankruptcy issues;
> (3) difficult or unsettled nature of applicable law;
> (4) presence of related proceeding commenced in state court or other nonbankruptcy proceeding;
> (5) jurisdictional basis, if any, other than § 1334;
> (6) degree of relatedness or remoteness of proceeding to main bankruptcy case;
> (7) the substance rather than the form of an asserted core proceeding;
> (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;
> (9) the burden of the bankruptcy court's docket;
> (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;
> (11) the existence of a right to a jury trial;
> (12) the presence in the proceeding of nondebtor parties;
> (13) comity; and
> (14) the possibility of prejudice to other parties in the action.

*Vig*, 336 B.R. at 285-86.

The above factors, taken as a whole in the lawsuit *sub judice*, favor remand. On the first factor, this court has no evidence that the bankruptcy estate would be negatively affected in its administration should this lawsuit be remanded to state court.

As to the second, third, and thirteenth factors, this court is not persuaded that the issues of law are particularly difficult or unsettled; the issues, however, are uniformly questions of state law, and the thirteenth factor, comity, would give preference to a state court resolution.

The fourth factor, on its face, would weigh against discretionary remand; presently, no related proceeding has been commenced in state court. This situation, however, may change due to the court's determination that certain issues presented in this lawsuit are core and non-core. As explained earlier, because the plaintiffs have timely requested a remand, the court would be compelled to abstain from hearing the non-core issues, returning them for state court adjudication, and thus bifurcating this lawsuit. Therefore, a decision not to remand would cause the existence of a related state court proceeding. This factor, therefore, favors remand.

The fifth factor also favors remand. Beyond § 1334, no alternative basis for jurisdiction exists.

The sixth and seventh factors are mixed. To begin with, this court has established that certain issues in this lawsuit became core issues upon St. Dominic's filing of a claim in Snopek's and PSA's respective bankruptcy proceedings. Therefore, this lawsuit is, in some aspects, related to the bankruptcy. *See Regal Row Fina, Inc. v. Washinton Mut. Bank*, 2004 WL 2826817 at *9 (N.D. Tex. Dec. 9, 2004) (because the "proceeding is a 'core proceeding,' factor six does not favor abstention"). Other aspects

of this litigation, however, are non-core. Furthermore, no question of fact or law directly touches upon bankruptcy law. Therefore, this court is persuaded that this factor could both favor and disfavor remand.

The eighth factor favors remand because the court would be forced to bifurcate this trial. As a result, the parties would be forced to litigate core matters in federal court, while simultaneously litigating similar non-core matters in state court. The potential for disparate outcomes is great, along with the increased cost to the parties. This court considers this factor to weigh most heavily in favor of remanding this whole litigation to state court.

Factors nine and ten favor disallowing remand. The plaintiffs have no evidence that St. Dominic engaged in forum shopping when seeking to removal. Nor is this court persuaded that the Bankruptcy Court's docket is overly burdened at this time. Therefore, these factors do not weight against maintaining jurisdiction in this federal forum.

Factor eleven favors remand because the plaintiffs are entitled to a trial by jury in state court. Jury trials, however, are restricted under the federal bankruptcy jurisdiction. *See* Title 28 U.S.C. § 157(e) (permitting a bankruptcy judge to "conduct the jury trial if specially designated to exercise such jurisdiction by the district court and with the express consent of all the parties.").

Finally, factors twelve and fourteen favor the court's use of discretionary remand. This lawsuit involves three plaintiffs, one of which, Joshua Properties, is not a debtor in bankruptcy. Further, neither of the defendants is a debtor in bankruptcy, and defendant D1 Sports has never been involved in the bankruptcy proceedings. Joshua Properties,

which has selected state court as its forum of choice, should have the benefit of its chosen forum and not be forced to litigate in a federal forum when no other factor exists to warrant the finding of subject-matter jurisdiction.

### III.    CONCLUSION

The weight of the fourteen factors articulated in *Vig,* 336 B.R. at 285-86, preponderate in favor of remand.  Accordingly, this court is persuaded to use its discretionary power to remand this lawsuit to the Circuit Court of the First Judicial District of Hinds County, Mississippi, the state court from whence it came.  Although this litigation presents some issues which fall within the court's core bankruptcy jurisdiction, this litigation also presents other, non-core issues over which this court may not exercise its bankruptcy jurisdiction.  In order to avoid the prejudice and inefficiency of bifurcating this lawsuit, this court is convinced that this entire matter should be remanded to state court.

**SO ORDERED, this the 30th day of December, 2014**

                                              _s/ Henry T. Wingate_
                                              **UNITED STATES DISTRICT JUDGE**